```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICOLE PELUSO,                      :    CIVIL NO. 4:04-CV-2211
                                    :
              Plaintiff             :    (Magistrate Judge Smyser)
                                    :
         v.                         :
                                    :
UNI-MARTS, L.L.C.,                  :
                                    :
              Defendant             :
```

## MEMORANDUM AND ORDER

This civil action states a claim of employment discrimination, the alleged termination of the plaintiff's employment based on the plaintiff's pregnancy. The complaint was filed on October 7, 2004. The cause of action is brought under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq*. The jurisdiction of the court is under 28 U.S.C. § 1331. A pendant state law Pennsylvania Human Relations Act claim also is brought.

The complaint alleges that plaintiff Nicole Peluso began working for defendant Uni-Mart as a store sales clerk on or about April 20, 2002, informed her store manager on or about April 12, 2003 that she was pregnant, and was fired on May 21, 2003 for wearing her Uni-Mart hat sideways. She had not previously been disciplined. She was qualified for her position. Two non-pregnant co-workers several days prior to the plaintiff's termination had been disciplined for not wearing their hats and were not terminated. The complaint states that the store manager told her that the company was

losing money and that she was an added expense.  The plaintiff seeks an award of back pay, front pay, lost benefits, injunctive relief, compensatory and punitive damages, interest, costs and attorneys fees.   Trial is scheduled for October 3, 2005 and a pretrial conference is scheduled for September 22, 2005.

A summary judgment motion was filed by the defendant on July 8, 2005.  A brief in support was filed on that date. Doc. 26.  A LR 56.1 statement of undisputed facts was filed, Doc. 29, with documentation (Doc. 30).  A brief in opposition (Doc. 34) and responsive LR 56.1 statement (Doc. 35) were filed on July 25, 2005.  A reply brief (Doc. 37) was filed on August 3, 2005.  The defendant argues that it is entitled to summary judgment in its favor as to portions of the plaintiff's damages claims.  It also argues that it is entitled to summary judgment as to the plaintiff's pregnancy discrimination claim.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir. 1992).  After such a showing has been made, the nonmoving party cannot rely upon conclusory allegations in its pleadings

2

or in memoranda and briefs to establish a genuine issue of material fact.  Rather, the nonmoving party must go beyond the pleadings and offer specific facts contradicting the facts averred by the movant which indicate that there is a genuine issue for trial.  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); Fed.R.Civ.P. 56(e).  "Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, [citation omitted] the nonmoving party . . . 'must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file.'" *Pastore v. Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994) (quoting *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992)).

To determine whether the nonmoving party has met his or her burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the non-movant. "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  A disputed fact is material when it could affect the outcome of the suit under the governing substantive law.  *Id.* at 248.  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.* at 250.  If the court determines that "the record taken as a whole

3

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).  All inferences, however, "'should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true.'" *Pastore*, 24 F.3d at 512 (quoting *Big Apple BMW, Inc. v. BMW of N. America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993)).

The parties have both argued this case within the context of this summary judgment motion as a pretext case to which the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), applies.  "This framework has three steps: (1) the plaintiff bears the burden of establishing a *prima facie* case of discrimination; (2) the burden then shifts to the defendant, who must offer a legitimate non-discriminatory reason for the action; and (3) if the defendant satisfies this burden, the plaintiff must then come forth with evidence indicating that the defendant's proffered reason is merely a pretext."  *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 619 (3d Cir. 1996).

There is no rigid formulation of a *prima facie* case under *McDonnell Douglas* and the requirements may vary with different factual situations.  *Matczak v. Frankford Candy &*

4

*Chocolate Co.*, 136 F.3d 933, 938 (3d Cir. 1997). Basically, a *prima facie* case is comprised of the following four elements: (1) the plaintiff belongs to the protected class; (2) the plaintiff was qualified; (3) the plaintiff was rejected or fired; and (4) after the rejection or firing, the employer sought applicants with the plaintiff's qualifications. Id. at 939. As an alternative to the fourth element, a plaintiff can show that the position was filled with a person not belonging to the protected category. *Id.; Olson v. General Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996).

The defendant does not argue for purposes of this summary judgment motion that the plaintiff can not establish a *prima facie* case of pregnancy discrimination. Rather, the defendant assumes that the plaintiff can make out a *prima facie* case and argues that it had legitimate non-discriminatory reasons for the plaintiff's discharge. *See Doc. 26 at 18.* We will also assume for purposes of this summary judgment motion that the plaintiff can establish a *prima facie case.*

If a plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment decision. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). An employer satisfies its burden of production by introducing evidence which would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision. *Id*. "The employer need not prove that the

5

tendered reason *actually* motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." *Id*.

The defendant has articulated non-discriminatory reasons for the plaintiff's discharge.

Once the defendant meets its relatively light burden by articulating a legitimate reason for the firing, the burden of production rebounds to the plaintiff. To defeat summary judgment the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). To avoid summary judgment, "the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a fact finder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)." *Id*. (citations omitted). "To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer, not whether the employer is 'wise,

6

shrewd, prudent, or competent.'" *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 331 (3d Cir. 1995).  Rather, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reasons that a reasonable fact finder could rationally find the proffered reasons unworthy of credence and infer that the employer did not act for those asserted reasons. *Fuentes*, *supra*, 32 F.3d at 765.

The defendant's motion for summary judgment will be denied because there is a genuine issue as to whether the defendant employer terminated the plaintiff employee because the employee was pregnant and because there is a genuine issue as to the exact scope and nature of damages to which the plaintiff would be entitled assuming a verdict in her favor on the liability issue(s) and is a genuine issue as to each distinct portion of the plaintiff's alleged damages.

As noted already, we proceed assuming that the plaintiff's evidence is adequate to establish a *prima facie* case of pregnancy discrimination.  The defendant argues, however, that in that the employer defendant has articulated a non-discriminatory reason for the plaintiff's termination, thus shifting the burden to the plaintiff to show that reason to have been a pretext, the defendant's motion for summary judgment is meritorious because the employer defendant based its decision to terminate on non-discriminatory reasons.  The defendant's brief argues the existence of a factual basis to

7

discipline the plaintiff for her violation of company hat wearing policy and also argues the record of the defendant of accommodating maternity leave as a factor negating an inference of a pregnancy based discriminatory firing.

The defendant's statement of the issues presented by the summary judgment motion is "(1) whether the plaintiff completely withdrew from the labor force so as to prevent her from obtaining back pay and front pay damages for certain specified withdraw periods; and (2) whether Uni-Mart had a legitimate non-discriminatory reason to terminate plaintiff's employment that was not related to her pregnancy."  We consider it to be significant in the context of a summary judgment motion, that the defendant states factual issues and presents factual arguments.  The summary judgment issue whether there is a genuine dispute as to a material factual issue is itself a legal issue.  The court does not decide factual issues in deciding a summary judgment motion.

Upon our review of the summary judgment evidence and of the LR 56.1 statements, we conclude that there is evidence that might be seen by the jury to support the inference that the defendant's invocation of a hat policy violation as the justification for the plaintiff's termination is pretextual. The plaintiff had not received a written warning for a violation of hat policy; other workers were issued written warnings and were not terminated despite multiple hat policy violations.  We also conclude upon our review of this evidence

8

that it is not free from dispute that the plaintiff's termination was ostensibly or nominally based upon a hat policy violation.  Indeed, even the defendant advances the factual position that the plaintiff may have been terminated because she was believed to have cleaned a hot dog grill with Windex.

Given that the defendant's evidence does not establish that the defendant fired the plaintiff on the basis of some certain and particular finding of cause for termination, it follows that the court can not say that it is free from factual dispute that the stated cause for the plaintiff's termination was not a pretext for discrimination.

The defendant's argument is in part that the plaintiff was terminated because her overall performance was unacceptable.  In support of this theory, the defendant shows that on several occasions before her termination, the plaintiff's superiors had communications about perceived job performance deficiencies on her part.  However, the fact that there were such communications does not necessarily support the inference that the motivation for termination was to address and to eliminate a combination of these perceived deficiencies. The defendant asserts in its brief that the cumulative effect of isolated incidents permeated up to senior management and "resulted in multiple communications regarding plaintiff's ultimate termination from employment."  Doc. 26, p.18.  The abstract and ambiguous character of this description of the "undisputed facts" accurately summarizes the defendant's theory

9

as to the motivation for the plaintiff's firing, but does not show the issue of the motivation not to be in dispute.

On the issue whether the plaintiff was terminated for the actual reason that she had violated company policy, we conclude that there is a genuine factual dispute and that the motion for summary judgment must accordingly be denied.

The defendant asserts that the court should enter partial summary judgment in favor of the defendant on the issue of the plaintiff's claim for lost wages for the period of time from May 20, 2003 through mid-September 2004 because, the defendant asserts, it is not in dispute that the plaintiff failed to attempt to mitigate her damages by seeking other employment.  The employer has the burden of proving a failure to mitigate.  *Robinson v. Southeastern Pa. Transp. Auth. Red Arrow Div.*, 982 F.2d 892, 897 (3d Cir. 1993).

The summary judgment issue is whether there is a genuine issue as to whether the plaintiff failed to mitigate damages.  The parties do not disagree that the plaintiff had the duty to mitigate damages be seeking and accepting other substantially equivalent employment.  Although the plaintiff's evidence of efforts to mitigate her damages is apparently scant, the issue is genuinely in dispute.  Even if the plaintiff looked for work only on one occasion during the relevant overall time frame, a range of circumstances may be presented to the jury to determine the adequacy of efforts to

mitigate.  The plaintiff has not made a strong showing of attempts to obtain work in her summary judgment papers, but does note factors such as her pregnancy and her distance from work sites that may be relevant to the mitigation issue.  The court must proceed very cautiously at the summary judgment stage and should not peremptorily carve out periods of time from the period of potential lost wages recovery and declare those periods beyond the jury's range of consideration on the mitigation issue.  We do not find the defendant to have adequately established there to be no issue as to the proposition that the plaintiff failed to mitigate damages.

For the foregoing reasons, **IT IS ORDERED** that the motion of the defendant for summary judgment is **DENIED.**


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 11, 2005.

11